IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC,<br><br>　　　　Defendants. | C.A. No. 12-CIV-8115-ALC-GWG |

**UNOPPOSED MOTION TO AMEND COMPLAINT UNDER RULE 15(a)**

Plaintiff Endo Pharmaceuticals Inc. ("Endo") moves under Rule 15(a) of the Federal Rules of Civil Procedure for leave to file a Second Amended Complaint for patent infringement (attached hereto as Exhibit 1) against Defendants Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals Of New York, LLC (collectively "Defendants"). The Defendants do not oppose this Motion.

Plaintiffs timely filed this Hatch-Waxman lawsuit on November 7, 2012 for infringement of U.S. Patent Nos. 7,851,482 and 8,192,722. Plaintiffs filed an Amended Complaint on November 14, 2012, asserting infringement of two additional patents, U.S. Patent Nos. 8,309,122 and 8,309,060, which the United States Patent and Trademark Office ("USPTO") issued after the original Complaint was filed. Plaintiffs now seek to file a Second Amended Complaint because the USPTO issued another patent, U.S. Patent No. 8,329,216 ("the '216 Patent"), on December 11, 2012, which Endo believes will be infringed by Defendants' generic version of OPANA® ER.

- 1 -

- 2 -

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has recognized that Federal Courts should freely grant leave to amend where no "apparent or declared" reasons exist to deny the plaintiff the opportunity to test a claim on its merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the present case, Endo is expeditiously seeking to submit a Second Amended Complaint to include the newly issued '216 Patent. Defendants do not oppose Endo's proposed amendment. Because it is very early in this litigation ― Defendants have not yet answered Plaintiffs' Amended Complaint, no scheduling order has issued, and discovery has not yet commenced ― there has been no undue delay and Defendants will experience no prejudice if the Court grants Endo leave to amend. *See Carson Optical, Inc. v. Electro-Optix, Inc.*, No. 09–CV–1625 (TCP), 2012 WL 6720784, *2 (E.D.N.Y. Dec. 21, 2012) (granting plaintiffs leave to amend complaint to add two new patents that issued after their original complaint was filed because discovery had not yet begun). Accordingly, Endo respectfully requests that the Court grant its Motion to Amend.

Dated: January 9, 2013 By: /s/ *Joshua I. Sherman*
Joshua I. Sherman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
joshua.sherman@dechert.com

Martin J. Black
Robert D. Rhoad
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
(215) 994-4000

Ann M. Caviani Pease
Jonathan D. Loeb
DECHERT LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA  94040
(650) 813-4800

ATTORNEYS FOR PLAINTIFF
ENDO PHARMACEUTICALS INC.

14784305