# EXHIBIT 5

Guroa, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/21/13

|  |  |  |
|---|---|---|
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 12-cv-8115-TPG |
| AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, | ) ) ) ) | |
| Defendants. | | |

**[~~PROPOSED~~] PROTECTIVE ORDER**

WHEREAS the Parties (as defined herein) agree that the nature of this case will require the Parties to seek and produce documents and information, and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the Producing Party's (as defined herein) legitimate proprietary interests;

WHEREAS the Parties agree that a protective order is necessary to minimize the harm flowing from the disclosure of sensitive information; and

WHEREAS the Parties agree to the terms of this Order to protect their confidential documents, things and information;

IT IS HEREBY ORDERED THAT the Parties and any non-party subject to discovery in this action are bound by the terms of this Protective Order governing the production of Confidential and Highly Confidential Information (as defined herein) in this action.

1. **Scope of Protective Order**: This Protective Order applies to all Discovery Materials (as defined herein) produced by a Producing Party in connection with this action. In addition, this Protective Order allows for the filing of documents with the Court under seal, subject to any applicable Local Court Rule or CM/ECF procedure, if such documents contain Confidential or Highly Confidential Information. This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

2. **Definitions**:

   (a)  The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or is required to be kept Confidential by law or by agreement with a third party or otherwise. Any summary, compilation, notes, memoranda, analysis or copy containing Confidential Information and any electronic image or database containing Confidential Information shall be considered Confidential Information to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

   (b)  The term "Highly Confidential Information" shall include any Confidential Information which the Producing Party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections. Any summary, compilation, notes, memoranda, analysis or copy containing Highly Confidential Information and any electronic image or database containing Highly Confidential Information shall be considered Highly Confidential Information to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. Examples of the types of information that may be requested in discovery

and designated as "Highly Confidential Information" if produced include, but are not limited to:

(i)     The names, or other information tending to reveal the identities, of a Party's suppliers, present or prospective customers, or distributors or the personal information of a Party's employees;

(ii)    Information relating to pending, unpublished patent applications;

(iii)   Non-public financial information of a Party, including, but not limited to, identifying the number of products sold, total dollar value of products sold, and profit margins for products, both forecasted and actual;

(iv)   Information constituting product specifications, formulations and/or regarding the manufacture of the Party's products;

(v)    Technical notebooks and technical reports of a Party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information;

(vi)   Confidential marketing plans, market research and business strategy, including research regarding competitors;

(vii)  Information the Producing Party believes is a proprietary trade secret;

(viii) Personal information and/or identities of patients;

(ix)   Confidential information relating to a Party's research and development efforts leading to the creation of its oxymorphone hydrochloride product; and

(x)    All Abbreviated New Drug Applications (including any supplements, amendments, or correspondence), confidential portions of New Drug Applications, or Drug Master Files.

(c)    The term "disclose" means to show, give, make available or communicate, in any fashion, to any Person (as defined herein), any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any Party or non-party in this action.

(d)    The term "Discovery Material" means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for

admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in this action.

(e)    The term "Outside Counsel" means litigation counsel of record for the Parties, including associated personnel necessary to assist outside counsel in this action, such as other attorneys employed by Outside Counsel's firm, legal assistants, paralegals, analysts, secretarial, stenographic, information technology and clerical employees actually assisting such counsel; outside vendors that scan, code and/or produce documents at such counsel's request; translation services; computer services; trial consultants, their employees, and independent contractors hired to assist them, other than those persons described in paragraph 2(i)(4) below.

(f)    The terms "Parties" or "Party" mean the following plaintiffs and/or defendants in this civil action:  Endo Pharmaceuticals Inc., Grünenthal GmbH (hereinafter "Grünenthal"), Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC (collectively, "Amneal").

(g)    The term "Person" means any natural person or any business, legal or governmental entity or association.

(h)    The term "Producing Party" means any Party, Person or non-party who produces any information, whether oral or in documentary or other tangible form.

(i)    The term "Qualified Person" means (1) Outside Counsel; (2) no more than three in-house counsel, and with respect to Grünenthal, one such in-house counsel may be a non-counsel intellectual property representative who is not in charge of competitive business decision making with respect to products containing oxymorphone  (collectively "in-house counsel"), who are specifically identified in Paragraph 9(b) herein and who agree to be bound by the terms of the Protective Order by signing the attached Undertaking, and paralegals or secretaries who support such in-house counsel (or, in the case of Grünenthal, such non-counsel representative); (3) outside independent experts and consultants of the Parties who are assisting Outside Counsel in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization, provided that any applicable requirements of Paragraph 9 below are satisfied; and (4) the Court and Court personnel, including stenographic reporters.

All Qualified Persons who have access to Confidential or Highly Confidential information are not and will not be, for the duration of three years after the conclusion of the litigation including appeals, involved in prosecution of patent applications, including both foreign and U.S.

applications and any reissue or reexamination applications, relating to
oxymorphone.

(j)    The term "Receiving Party" means any Person to whom Confidential or
Highly Confidential information is disclosed in this action.

(k)    Any other term not defined herein shall carry its ordinary meaning.

3.    **Designation of Confidential Information**:

(a)    Discovery Material, or any relevant portion of any letter, brief, motion,
affidavit, discovery response, discovery request or other pleading, may be
designated by any Producing Party as "Confidential," provided the
material meets the definition of "Confidential Information" herein.
Moreover, a Party may designate Discovery Material produced by non-
parties that contain that Party's Confidential Information as
"Confidential."

(b)    Discovery Material, or any relevant portion of any letter, brief, motion,
affidavit, discovery response, discovery request or other pleading, may be
designated by any Producing Party as "Highly Confidential," provided the
material meets the definition of "Highly Confidential Information" herein.
Moreover, a Party may designate Discovery Material produced by non-
parties that contain that Party's Highly Confidential Information as
"Highly Confidential."

(c)    A Producing Party may designate as Confidential or Highly Confidential
any of its Discovery Material that may be protected under Fed. R. Civ. P.
26(c) and for which a good faith claim of a need for protection from
disclosure can be made under applicable law. The designations shall be
made or supervised by an attorney. Any information supplied in
documentary or other tangible form may be designated by the Producing
Party, or other Person claiming that the information is Confidential or
Highly Confidential Information, by placing or affixing on each page of
such Document, or on the face of such thing, the legend
"CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" or
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
PURSUANT TO PROTECTIVE ORDER," respectively. Information,
documents, articles, and things previously produced under protective
orders in other cases that bear appropriate confidentiality markings from
such other cases, including documents produced by Grünenthal in *Purdue
Pharma L.P., et al. v. Watson Laboratories, Inc-Florida, and Andrx Labs,
LLC* (No. 11-cv-2036); (ii) *Purdue Pharma L.P. et al. v. Teva
Pharmaceuticals USA, Inc.* (No. 11-cv-2037); (iii) *Purdue Pharma L.P. et
al. v. Actavis Elizabeth LLC* (No. 11-cv-2038); (iv) *Purdue Pharma L.P. et
al. v. Impax Laboratories, Inc.* (No. 11-cv-2400); (v) *Purdue Pharma L.P.
et al. v. Sandoz Inc.* (No. 11-cv-4694); (vi) *Purdue Pharma L.P. et al. v.*

4

*Amneal Pharmaceuticals, LLC* (No. 11-cv-8153); (vii) *Purdue Pharma L.P. et al. v. Sandoz Inc.* (No. 12-cv-0897); (viii) *Purdue Pharma L.P. et al. v. Watson Laboratories Inc.-Florida* (No. 12-cv-3111); (ix) *Purdue Pharma L.P. and Grunenthal GmbH v. Sandoz, Inc.* (No. 12-cv-5082); (x) *Purdue Pharma L.P. and Grunenthal GmbH v. Actavis Elizabeth LLC* (No. 12-cv-05615); (xi) *Purdue Pharma L.P. and Grunenthal GmbH v. Teva Pharmaceuticals USA, Inc.* (No. 12-cv-5083) need not be stamped again; such material stamped "Confidential Information" produced in this litigation will be treated as Confidential Information, and such material stamped "Confidential Information – Attorneys' Eyes Only" produced in this litigation will be treated as Highly Confidential Information, in accordance with the terms of this Protective Order.

(d)  Documents produced prior to entry of this Protective Order, unless marked with language in accordance with Paragraphs 3(a)-(c) of this Protective Order, will be treated as having been produced marked "HIGHLY CONFIDENTIAL." If a Producing Party decides that the previously produced documents do not require this heightened level of confidentiality, then that Producing Party shall provide the Receiving Party with the Bates range(s) of the previously produced documents and the appropriate confidentiality designations.

4. **Confidential Testimony**: Testimony obtained from a deposition or hearing may be designated Confidential or Highly Confidential, when appropriate, either on the record at the deposition or hearing or by letter within twenty (20) days after receipt of the final (i.e., not "draft" or "rough") transcript. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to pages that contain testimony designated as such. All such transcripts shall be treated as Highly Confidential until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

5. **Publicly Available Material**: Discovery Material that has been produced to or prepared by or for, any government agency that is available to the public, either by the Freedom of Information Act or any other federal or state law, and Discovery Material which is otherwise available to the public from any source, should not be designated as "Confidential" or "Highly Confidential." If a Party receives material designated "Confidential" or "Highly Confidential" that the Party believes falls under this Paragraph, the Party may challenge the designation and request relief from the Court, after conferring in good faith with Outside Counsel for the Producing Party. If the Party seeks relief from the Court, until the Court rules on the requested relief, the Discovery Material shall be treated as "Confidential" or "Highly Confidential," as the case may be. The Party or Person claiming that the material is "Confidential" or "Highly Confidential" bears the burden of establishing the confidentiality of the so-designated materials.

6. **Nondisclosure of Confidential Information or Highly Confidential Information**: Except with the prior written consent of the Party or Person originally designating Discovery Material as "Confidential," or as provided in this Protective Order, no Confidential Information may be disclosed to any Party or Person, other than a Qualified Person as set forth in

Paragraph 2(i) above. Except with the prior written consent of the Party or Person originally designating Discovery Material as "Highly Confidential," or as provided in this Protective Order, Highly Confidential Information may only be disclosed to categories (1), (3), and (4) of Qualified Persons as set forth in Paragraph 2(i) above.

7. **Disclosure of Confidential Information to Qualified Persons**: Any information designated as "Confidential Information" shall be maintained in confidence by any Receiving Party. Confidential Information may be disclosed only to Qualified Persons as set forth in Paragraph 2(i) above. Prior to any disclosure to Qualified Persons in categories (2) and (4) of Paragraph 2(i) above, the relevant requirements of Paragraph 9 below shall be satisfied, including that each such Qualified Person in categories (2) and (4) shall read this Protective Order and sign the Undertaking attached hereto. The Party that has retained, or disclosed Confidential Information to, the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of this action.

8. **Disclosure of Highly Confidential Information to Qualified Persons**: Any information designated as "Highly Confidential Information" shall be maintained in confidence by any Receiving Party. Highly Confidential Information may be disclosed only to Qualified Persons as set forth in categories (1), (3), and (4) of Paragraph 2(i) above. Prior to any disclosure to Qualified Persons in category (4) of Paragraph 2(i) above, the relevant requirements of Paragraph 9 below shall be satisfied. The Party that has retained, or disclosed Highly Confidential Information to, the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of this action.

9. **Disclosure of Confidential and Highly Confidential Information to Experts, Consultants and In-House Counsel**:

    (a)    Independent Experts and Consultants. The following applies for each independent expert and consultant described in Paragraph 2(i)(4) above to whom Confidential Information or Highly Confidential Information is to be given, shown, disclosed, made available or communicated in any way:

        (i)    Such expert or consultant shall first read this Protective Order and sign the Undertaking attached hereto.

        (ii)    At least five (5) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating Confidential Information or Highly Confidential Information to any expert or consultant, the Receiving Party shall deliver (by electronic mail) to all other Parties a copy of the signed Undertaking and a resume, curriculum vitae or a description setting forth the person's (1) name, (2) residence and office addresses, (3) present employer, job title and job description, (4) a description of any consulting activities or other financial relationships concerning long-acting opioid pharmaceutical products, (5) any relationship to the Parties in this action, and (6) a brief job history for the past five years.

(iii)    If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within five (5) business days after service of the information called for in Paragraph 9(a)(ii). Objections must be in writing and state with particularity the basis for the objection.

(iv)    In the event of such an objection to disclosure of Confidential Information or Highly Confidential Information, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure. The objecting Party shall have the burden of showing why that person should not have access to Confidential Information or Highly Confidential Information. Pending resolution of any such motion or application, no disclosure of Confidential Information or Highly Confidential Information shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Confidential Information or Highly Confidential Information to persons as to whom no such objection has been made.

(b)    Designated In-House Counsel. The following applies for each in-house counsel designated under the terms of this Order:

(i)    Subject to the requirements set forth herein, the in-house counsel described in Paragraph 2(i)(2) above who may have access to Confidential Information in accord with the provisions of this Protective Order are:

    i.    For Endo:

        1.    Caroline Manogue

    ii.    For Grünenthal:

        1.    Ralf Stowasser

    iii.    For Amneal:

        1.    Ken Cappel

        2.    Ken Zeidner

        3.    Brian Sommese

(ii)    Prior to any Confidential Information being provided to any in-house counsel identified above, each in-house counsel shall read this Protective Order and sign the Undertaking for In-House Counsel attached hereto. The Party seeking disclosure of the Information shall deliver (by electronic mail) a copy of the executed Undertaking to each Party.

(iii)    In the event that any of the in-house counsel identified above no longer can serve as a designated in-house counsel in this action, the designating Party may select a replacement in-house counsel to view Confidential Information of the Producing Party. The new in-house counsel shall execute an Undertaking as required herein, and shall otherwise comply with all terms of this Protective Order. The Party seeking disclosure to a replacement in-house counsel shall deliver (by electronic mail) a copy of the executed Undertaking to each Party. If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within five (5) business days after service of the Undertaking. Objections must be in writing and state with particularity the basis for the objection. In the event of such an objection to disclosure of Confidential Information to a replacement in-house counsel, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure. The objecting Party shall have the burden of showing why that person should not have access to Confidential Information. Pending resolution of any such motion or application, no disclosure of Confidential Information shall be made to that person. The filing and pendency of such motion shall not limit, delay or defer any disclosures of Confidential Information to persons as to whom no such objection has been made.

10.    **Use of Designated Materials**:

(a)    Subject to Paragraph 17 below, Confidential Information and Highly Confidential Information shall be used by the Receiving Party solely for the purposes of preparation for trial, pretrial proceedings, and trial of actions and proceedings in the above-captioned action and not for any business, commercial, regulatory, competitive, personal or other purpose or any other action. In particular, and by way of example only and without limitation, Confidential Information or Highly Confidential Information disclosed in this action shall not be submitted to any foreign or domestic regulatory agency, including but not limited to citizen

petitions to the FDA, and/or any submission to the United States Pharmacopeia, British Pharmacopeia or European Pharmacopeia, nor shall such Confidential or Highly Confidential Information be used in any way in connection with any of the foregoing submissions. Furthermore, subject to Paragraph 17 below, Confidential Information and Highly Confidential Information disclosed in this litigation shall not be used in any other action, including lawsuits against FDA. In addition, subject to Paragraph 17 below, Confidential Information or Highly Confidential Information shall not be used to prosecute any patent application.

(b)   Confidential Information and Highly Confidential Information may be disclosed by a Receiving Party during a deposition, to the extent that its use is reasonably necessary, at the depositions of the following:

(i)    The present directors, officers, employees, agents or Rule 30(b)(6) designees of the Producing Party;

(ii)   An author, addressee, or other person indicated as a lawful recipient of a document containing the information;

(iii)  A person not within subparagraphs 10(b)(i)-(ii) above who is clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the Confidential or Highly Confidential Information);

(iv)   An independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information;

(v)    Any person for whom prior authorization is obtained from the Producing Party or the Court; or

(vi)   Individuals who have been identified through discovery (including document production, written discovery or deposition testimony) as having knowledge of the particular Confidential or Highly Confidential Information, even if the individual is not identified as an actual author or recipient on the face of the document at issue.

11.   **Inadvertent Productions**:

(a)   In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or other privilege or immunity, the Receiving Party shall, as soon as possible but not later than within five (5) business days of receipt of a written request by the Producing Party, return the original to the Producing Party (or at the option of the Receiving Party destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or

other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains. Upon receiving notice of inadvertent production, the Receiving Party(ies) shall not make any use of such document or thing or disseminate the same in any way. The unintentional or inadvertent production of privileged, work-product-protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work-product-protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production promptly (and no later than ten (10) business days) after the Producing Party discovers such unintentional or inadvertent production. For clarity, if a document is used at a deposition, the Producing Party must provide notice within ten (10) business days of the deposition that the document was inadvertently produced, and if the Producing Party does not provide such notice within ten (10) business days, then the Producing Party has waived its objection. Return of a document for which the Producing Party has asserted a claim of privilege, work-product-protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

(b)    Unintentional or inadvertent failure to designate any information as "Confidential" or "Highly Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure to designate promptly (and no later than ten (10) business days) after the Producing Party discovers such unintentional or inadvertent failure to designate. In the event of an unintentional or inadvertent failure to designate any information, arrangements shall be made for the return to the Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently undesignated information and for the substitution, where appropriate, of properly-labeled copies.

12.    **Redactions**: Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is (i) neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and would otherwise qualify as Highly Confidential information, or (ii)

subject to the attorney-client privilege or to the work-product immunity. Each such redaction, regardless of size, shall be clearly labeled. All documents redacted based on point (ii) shall be listed on a privilege log stating the basis for such redaction, pursuant to Local Rule 26.2, but only where such document was generated prior to September 21, 2012. This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

13.    **Filing**: All documents – including pleadings, motions and other papers – containing Confidential Information or Highly Confidential Information shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures.

14.    **Parties to Cooperate to Limit Filings Under Seal**: Where possible, only Confidential or Highly Confidential portions of filings with the Court shall be filed under seal. The Parties shall endeavor in good faith to avoid filing materials under seal whenever possible. If any Party desires to refer to, or include, Confidential Information or Highly Confidential Information in a brief, motion, or other court filing, that Party may confer with Outside Counsel for the Producing Party about any such references, in an effort to reach an agreement that will make filing under seal unnecessary. Any agreements reached by any Parties to resolve the need for filing under seal shall not be viewed or deemed as a waiver or admission of any prior or subsequent Confidential or Highly Confidential designation, nor shall any such agreement be construed to apply to any future efforts to enforce or apply the "Confidential" or "Highly Confidential" designation of information. Notwithstanding any other provision of this order, a party may provide Designated In-House Counsel with a version of any expert disclosure or brief where another party's Highly Confidential Information has been redacted provided that the party desiring disclosure provides the Producing Party with a draft redacted disclosure or brief in advance. The Producing Party will then have three days to review, and if necessary, modify the redactions. If the Producing Party modifies the redacted disclosure or brief, only the modified version shall be disclosed to Designated In-House Counsel.

15.    **Changes to Confidentiality Designations and Requests to Disclose Confidential Information or Highly Confidential Information to Non-Parties**: Nothing herein shall be taken as indicating that any document or information designated as Confidential Information or Highly Confidential Information is entitled to such treatment. If the Receiving Party desires to disclose Confidential Information or Highly Confidential Information to someone other than a Qualified Person as permitted in Paragraphs 6-9 above, or if the Receiving Party disagrees with the confidentiality designation by the Producing Party, then the Receiving Party shall so notify, in writing, Outside Counsel for the Person or Party asserting the confidentiality of the information. Outside Counsel for the Person or Party asserting the confidentiality of the information and the Receiving Party shall first try to resolve such dispute within five (5) business days after receipt of the Receiving Party's notice. If the dispute cannot be resolved, the Receiving Party, upon no fewer than three (3) business days written notice to the Person or Party asserting the confidentiality, may seek a ruling from the Court that the information is improperly designated or that such disclosure should take place because the interest of the Person or Party asserting the confidentiality in limiting the dissemination of the information is outweighed by the need for such disclosure. Unless otherwise ordered by the Court, the Person or Party asserting the confidentiality shall have five (5) business days to oppose the Receiving Party's request for relief, and the Receiving Party shall have two (2) business days to reply. Pending a determination by the Court, such information shall be treated

as Confidential Information or Highly Confidential Information as designated by the Person or Party asserting the confidentiality claim.

16. **Preservation of the Right to Challenge Confidentiality Designation**: No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation. This Protective Order shall be without prejudice to the right of any Party or other subscriber to this Protective Order (a) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or Highly Confidential Information or whether its use otherwise should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c), for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein.

17. **Subpoena by Other Courts or Agencies**: If Confidential Information or Highly Confidential Information in the possession, custody or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed, shall (a) on or before the fifth business day of receipt thereof, give written notice by hand, email or facsimile of such process or discovery request, together with a copy thereof, to Outside Counsel for the Producing Party; (b) withhold production or disclosure of such Confidential Information or Highly Confidential Information until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Information or Highly Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure and, in any event, provided that the Receiving Party provides a copy of such court order to Outside Counsel for the Producing Party prior to disclosure; and (c) otherwise cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request.

18. **Expert Discovery**: In order to avoid consuming the Parties' and the Court's time and resources on potential discovery issues relating to experts, and without limiting the applicability of Fed. R. Civ. P. 26(a)(2) and (b)(4), the following categories of data, information, or documents need not be disclosed by any Party or Person, and are outside the scope of permissible Discovery Materials under this Order and Fed. R. Civ. P. 26(a)(2) and (b)(4), unless the expert relies on such information as a basis for their opinion:

(a) Written or oral communications and notes of communications between any expert, and counsel for a Party, including any attachments.

19. **Client Consultation**: Nothing in this Protective Order shall prevent or otherwise restrict Outside Counsel or designated in-house counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information or Highly Confidential Information; *provided, however*, that in rendering such advice and otherwise communicating with such clients, Outside Counsel or designated in-house counsel shall not make specific disclosure of any item so designated except as permitted herein.

20.    **Modification Permitted**: Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order, from objecting to discovery that it believes to be otherwise improper, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

21.    **Responsibility of Attorneys**: The attorneys of record for each respective party are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information or Highly Confidential Information received by them.

22.    **No Waiver**: Review of Confidential Information or Highly Confidential Information by Qualified Persons as permitted in Paragraphs 6-9 above in connection with this action shall not waive the confidentiality of the information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information or Highly Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

23.    **Purpose Is to Facilitate the Exchange of Information**: This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process. Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the Federal Rules of Evidence or applicable Local Rules, by any Party or other subscriber to this Protective Order; (b) altering the confidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

24.    **Termination of the Litigation**: Within 90 days after the final conclusion of this litigation, including all appeals, all Confidential Information or Highly Confidential Information, and all copies of the same, shall be returned to the Producing Party or, at the option of the Receiving Party, destroyed. This includes all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information or Highly Confidential Information, except that, with respect to word processing and database tapes and disks, the Receiving Party shall destroy or erase such tapes or disks to the extent practicable. Outside Counsel for each Party shall be entitled to retain copies of all filings, their work product, any transcripts of depositions, hearings or trial testimony in this action, written discovery or discovery responses, as well as documents that have been marked as exhibits to a deposition and documents included on trial exhibit lists and that contain or refer to information designated as Confidential Information or Highly Confidential Information provided that all such documents shall remain subject to this Protective Order. Outside Counsel of record shall make certification of compliance herewith and shall deliver the same to Outside Counsel for the party that produced the documents not more than 120 days after conclusion of this litigation, including all appeals.

25. **No Limitations on Party's Use of its Own Information**:  Except as specifically noted herein, this Protective Order shall not limit a Producing Party's use of its own Confidential Information or Highly Confidential Information, nor shall this Protective Order limit the ability of a Party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

26. **Third Parties**: If a third party provides Discovery Materials to any Party, such third party may adopt the terms of this Protective Order with regard to the production of Confidential Information or Highly Confidential Information by executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and Protective Order ("Notice of Election") in the form attached hereto.  In the event of such election, the provisions of this Protective Order shall apply to such Discovery Materials as if such Discovery Materials were being provided by a Party to this litigation.  Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the Parties to this litigation.

27. **Information Not Covered by this Protective Order**:  The restrictions set forth in this Protective Order will not apply to Confidential Information and Highly Confidential Information that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which comes into the lawful possession of or becomes known to the Receiving Party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that, as shown in written records, such information does not become publicly known by any act or omissions of the Receiving Party which would be in violation of this Protective Order.

28. **Survival**:  This Protective Order shall survive and remain in full force and effect after termination of this action.  Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Information or Highly Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

29. **Pending Entry by the Court**:  Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that the Protective Order shall constitute a binding contract among the Parties and their counsel.

**AGREED AND STIPULATED TO:**

Dated: June 18, 2013

Respectfully submitted,

By: _____
Joshua I. Sherman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
Joshua.sherman@dechert.com

*Attorneys for Plaintiff*
*Endo Pharmaceuticals Inc.*

By: _____
Stephen D. Hoffman
Eric B. LaMons
WILK AUSLANDER LLP
1515 Broadway, 43rd Floor
New York, NY 10036
(212) 981-2300
shoffman@wilkauslander.com
elamons@wilkauslander.com

*Attorneys for Plaintiff*
*Grünenthal GmbH*

Respectfully submitted,

By: _____
H. Keeto Sabharwal
Paul A. Ainsworth (admitted pro hac vice)
Dennies Varughese (admitted pro hac vice)
K. Courtney Macdonald
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 800
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
keetos@skgf.com
painsworth@skgf.com
dvarughese@skgf.com
cmacdonald@skgf.com

Lora A. Moffatt
James P. Jeffry
SALANS LLP
Rockefeller Center
620 Fifth Avenue
New York, NY 10020
Telephone No.: (212) 632-5500
Facsimile No.: (212) 632-5555
lmoffatt@salans.com
jjeffry@salans.com

*Attorneys for Defendants Amneal*
*Pharmaceuticals, LLC and Amneal*
*Pharmaceuticals of New York, LLC*

*Of Counsel:*

Robert D. Rhoad
Dechert LLP
902 Carnegie Center, Suite 500
Princeton, NJ 08540
(609)-955-3200
robert.rhoad@dechert.com

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Jonathan D. Loeb
DECHERT LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA 94040
(650) 813-4800

*Attorneys for Plaintiff*
*Endo Pharmaceuticals Inc.*

Basil J. Lewris
Joann M. Neth
Jennifer H. Rossetti
FINNEGAN, HENDERSON, FARRABOW,
GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000
bill.lewrisnnegan.com
joann.neth@tinnegan.corn
jennifer.roscettigfinnegan.com

Anthony C. Tridico
Avenue Louise 326, Box 37
Brussels, Belgium B-1050
011 32 2 646 03 53
anthony.tridico®finnegan.com

*Attorneys for Plaintiff*
*Grünenthal GmbH*

**SO ORDERED**, this 21st day of June, 2013.

The Honorable Thomas P. Griesa
United States District Court Judge

## UNDERTAKING AND ACKNOWLEDGEMENT OF
## <u>PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION</u>

I, _____, hereby attest as follows:

1.      I understand that CONFIDENTIAL AND HIGHLY CONFIDENTIAL material may be disclosed to me under the terms of the Protective Order attached to this Undertaking and Acknowledgement.  I have a copy of and have read the Order, and I agree to comply with and be bound by its terms.  I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement.

2.      I agree that I will not disclose to anyone else the CONFIDENTIAL AND HIGHLY CONFIDENTIAL material disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order, and that I will use such material only for the purposes of this litigation.

3.      I agree that I will not keep any CONFIDENTIAL AND HIGHLY CONFIDENTIAL material or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Order, and, upon request, will destroy or return such material to the attorneys who disclosed such material to me.


Dated:_____          _____
                                 Signature

17

**UNDERTAKING AND ACKNOWLEDGEMENT OF
PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION
FOR IN-HOUSE COUNSEL**

I, _____, hereby attest as follows:

1.      I understand that CONFIDENTIAL material may be disclosed to me under the terms of the Protective Order attached to this Undertaking and Acknowledgement.  I have a copy of and have read the Order, and I agree to comply with and be bound by its terms.  I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Order and this agreement.

2.      I agree that I will not disclose to anyone else the CONFIDENTIAL material disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order, and that I will use such material only for the purposes of this litigation.

3.      I agree that I will not keep any CONFIDENTIAL material or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Order, and, upon request, will destroy or return such material to the attorneys who disclosed such material to me.

Dated:_____

_____
Signature

18

## NOTICE OF ELECTION TO ADOPT STIPULATED ORDER
## ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

      1.      _____, a non-party to the above-captioned litigation, has

been requested and/or subpoenaed by a party to produce discovery containing Confidential

Information and/or Highly Confidential Information in connection with the above-captioned

litigation.

      2.      _____ hereby elects to adopt the terms of the Stipulated

Confidentiality Agreement and Protective Order (herein, the "Protective Order") with regard to

its terms regarding production of Confidential Information and/or Highly Confidential

Information.

      3.      The provisions of the Protective Order shall apply to all documents, things and

other information produced by _____ as if such discovery were being

provided by a party. _____ shall have the same rights and obligations

under the Protective Order as held by the parties.


Dated:_____

                                          _____
                                          Name

                                          _____
                                          Company