UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH,<br><br>           Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC,<br><br>           Defendants. | C.A. No. 12-cv-8115-JPO-GWG |
| ENDO PHARMACEUTICALS INC.,<br><br>           Plaintiff,<br><br>v.<br><br>ROXANE LABORATORIES, INC.,<br><br>           Defendant. | C.A. No. 13-cv-3288-JPO-GWG |

**AMNEAL AND ROXANE'S OPPOSITION TO PLAINTIFFS' MOTION FOR REVIEW OF PORTION OF CLERK'S DECISIONS ON ENDO'S BILLS OF COSTS**

Following Plaintiff Endo Pharmaceuticals Inc.'s ("Endo's") filing of its Bill of Costs on July 30, 2018 (C.A. No. 12-cv-8115, D.I. 188; C.A. No. 13-cv-3288, D.I. 243) (subsequently corrected at C.A. No. 12-cv-8115, D.I. 189; C.A. No. 13-cv-3288, D.I. 244), response briefing by Defendants (C.A. No. 12-cv-8115, D.I. 190; C.A. No. 13-cv-3288, D.I. 245), and reply briefing by Endo (C.A. No. 12-cv-8115, D.I. 191; C.A. No. 13-cv-3288, D.I. 246) the Clerk entered a taxation of costs (C.A. No. 12-cv-8115, D.I. 192; C.A. No. 13-cv-3288, D.I. 247) in the above-captioned

matters. In substantial accord with Defendants' objections to Endo's Bill of Costs, the Clerk reduced the award Endo sought by approximately 85% against Defendants Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals of New York, LLC (together "Amneal") and approximately 80% against Roxane Laboratories Inc. ("Roxane") (C.A. No. 12-cv-8115, D.I. 192; C.A. No. 13-cv-3288, D.I. 247). On September 7, 2018, Endo filed a motion for the Court to review the Clerk's award of costs (C.A. No. 12-cv-8115, D.I. 193; C.A. No. 13-cv-3288, D.I. 248). Amneal and Roxane hereby jointly present the following Opposition to Plaintiffs' Motion for Review of Clerk's Decisions on Endo's Bills of Costs.

Defendants object to the additional $31,479.16 and $32,307.91 Endo now seeks from Amneal and from Roxane, respectively. As an initial matter, Defendants continue to maintain and incorporate by reference all objections as previously presented in the Opposition filed to Endo's original requests for taxation of costs; in particular, Defendants maintain objections to Endo being awarded _any_ costs as the prevailing party given the unusual circumstances of the case, including Endo did not prevail with regard to the majority of the patents in the suits and the withdrawal of FDA approval of underlying NDA products and ANDAs on which jurisdiction was based. *See* C.A. No. 12-cv-8115, D.I. 190; C.A. No. 13-cv-3288, D.I. 245; Fed. R. Civ. P. 54(d)(1). If, however, the Court decides to award costs, it should award only those costs already deemed taxable and awarded by the Clerk, and otherwise adopt the Clerk's rejection of those costs for which Endo now seeks review. Below, Defendants address the particular categories of costs for which Endo seeks review and explain why each should remain stricken from Endo's Bill of Costs.

2

I. **ENDO IS NOT ENTITLED TO GRAPHICS SERVICES, IN-COURT SUPPORT SERVICES, OR GENERIC EQUIPMENT RENTAL COSTS, AND THE COURT SHOULD ADOPT THE CLERK'S DISALLOWANCE OF THEM.**

In its Motion for Review, Endo argues that the Clerk's decision as to the taxability of certain costs is ineffective because Local Rule 54.1(c)(6) does not empower the Clerk to award them. Endo overreaches with this argument. Endo already submitted these costs to the Clerk for taxation under Local Rule 54.1(c)(5) as exemplification costs. *See* C.A. No. 12-cv-8115, D.I. 189; C.A. No. 13-cv-3288, D.I. 244, at 8 (Goldberg Decl., ¶ 18). Even if the Clerk did not have the authority to tax costs pursuant to Local Rule 54.1(c)(6), the Clerk *does* have authority to tax costs for exemplification under Local Rule 54.1(c)(5). Here, the Clerk considered whether to award the costs sought under that Rule and, not only declined, but affirmatively rejected taxation of the costs that Endo sought. Endo should not now be permitted to simply re-submit these costs to the Court, allegedly under a different local rule and characterized differently, in the hope that the Court may take a different view than the Clerk.

Moreover, simply because the Clerk cannot award certain costs under Local Rule 54.1(c)(6) does not mean that the Clerk cannot _deny_ them. With judicial economy in mind, it makes perfect sense that the Clerk may disallow costs for which a party has blatantly failed to meet its burden of proving entitlement to recover the costs sought. Such is the case here. The Clerk's slashes through the totals and notation of "$0 Hours for Labor" and "$0 for Labor" on the invoices at pages 135 and 144 of C.A. No. 12-cv-8115, D.I. 192 show consideration and rejection of these costs, not a deferral for a lack of authority to award these costs, as Endo suggests. Endo has failed to show that it is entitled to the graphics and in-court support services costs, and equipment rental costs, it now seeks to have reviewed.

A. **RLM consulting and support costs are improper, vague, and should be denied.**

Endo included in Exhibit D to its Bill of Costs two invoices from RLM trialgraphix

3

("RLM"). The two invoices total $273,741.99 and include various "billable professional fees." These invoices reflect that the costs are substantially for services billed hourly in the range between $200/hour and $400.00/hour for developing various graphics or "on-site support." *See* C.A. No. 12-cv-8115, D.I. 192; C.A. No. 13-cv-3288, D.I. 247, at 134-153. The costs reflected in these invoices are not recoverable because "the costs of trial consultants [like RLM] … do not fall within the textual confines of 28 U.S.C. § 1920 and, accordingly, are not taxable." *Broadspring, Inc. v. Congoo, LLC*, No. 13-cv-1866(RJS), 2016 WL 817449, at *5, 2016 U.S. Dist. LEXIS 22577, at *17 (S.D.N.Y. Feb. 24, 2016), *aff'd in relevant part by* 683 Fed. App'x 13 (2d Cir. 2017). These costs, billed at between $200/hour and $400/hour, are fees for what is tantamount to legal services or support staff and not exemplification costs.  The Supreme Court recently emphasized that § 1920 was intended for "relatively minor, incidental expenses," and costs such as Endo seeks for its trial consultants and demonstrative preparers are more akin to fees for services of legal support staff that are not allowed to be recovered as costs, rather than recoverable costs for actual exemplification or photocopying of exhibits. *Id.* at WL *5-6, LEXIS *18-19 (quoting *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S.Ct. 1997, 2006 (2012)); *see also* 28 U.S.C. § 1920(2), (4); *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 76 (S.D.N.Y. 2015) ("[O]nly costs for the actual act of making a copy are taxable; costs associated with preparing data to be copied or analyzing data post-copying are not covered by the statute."); *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 CV 8685 HB, 2011 WL 2848644, at *1, 2011 U.S. Dist. LEXIS 77410, at *6 (S.D.N.Y. July 18, 2011) ("[A]s Defendant points out, $18,325.71 out of Plaintiff's $45,310.94 audio-visual aids costs were used to pay a Trial Graphix employee . . . . While it is of course counsel's prerogative to staff its case and delegate work as it sees fit, it is inappropriate to impose excessive costs on the losing party."). This Court's local rules

similarly disallow recovery of costs for work "which otherwise would have to be done by counsel and thus fall under attorney's fees, which are not recoverable." *Citigroup Glob. Markets, Inc. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014).

Even the cases Endo cites recognize that costs for on-site support or consultants acting merely as "additional legal support staff" should not be taxed. For example, in *In re Omeprazole Patent Litig.*, No. 00 CIV. 4541 BSJ, 2012 WL 5427791, at *7, 2012 U.S. Dist. LEXIS 160057, at *29-30 (S.D.N.Y. Nov. 7, 2012), a case that Endo repeatedly relies upon, the court noted that "at least two hundred thousand dollars of charges are for time spent by employees of Chicago Winter Graphics providing 'on-site trial support.'" The court held that because those costs for on-site support were not "essential to the preparation of [the movant's] trial demonstratives" they were not taxable. *Id.* at *29. *See also DiBella v. Hopkins*, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005) (reducing the amount of costs sought associated with "demonstrative presentations for trial" because the amount sought "undoubtedly include[d] compensation for time spent by Dubin as an attorney, time that is not compensable under 'costs.'"). Moreover, as this Court recently pointed out in *Broadspring*, these earlier cases like *DiBella* and *Omeprazole*, that Endo relies on that allowed certain costs for demonstrative preparation, did not take into account the Supreme Court's recent guidance in *Taniguchi* as to the *narrow scope* of costs taxable under § 1920. 2016 WL 817449, at *5-6, 2016 U.S. Dist. LEXIS 22577, at *18, *20. Endo should not be able to recover costs which, in reality, are the equivalent attorneys' fees merely because Endo labels them costs and lists them on its Bill of Costs.

In addition, Endo has failed to meet its burden of establishing that all of its vague requested costs correspond to exemplification or copies "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2), (4).  The burden is on Endo, as the party seeking costs, to "establish to the

court's satisfaction that the taxation of costs is justified" and that the costs sought are "necessary." *John G. v. Bd. of Educ. of Mt. Vernon Pub. Schools*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995). Local Rule 54.1(c)(5) states that "[t]he cost of copies used for the convenience of counsel or the Court are not taxable." While the late Honorable Judge Griesa may have even considered certain demonstratives helpful during trial, that is entirely distinct from finding them necessary, imperative, indispensable, or mandatory. *See Broadspring*, 2016 WL 817449, at *6; 2016 U.S. Dist. LEXIS 22577 at *20-21 ("Although the Court agrees that these graphics can be—and indeed were—very helpful to the presentation of Defendants' case, that is not sufficient to permit their taxation under 28 U.S.C. § 1920.").

Endo presented insufficient detail concerning its costs for anyone—the Clerk or the Court—to find any RLM charges were necessary or reasonable, or taxable. *See, e.g.*, *AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 2011 WL 102715, at *2-3, 2011 U.S. Dist. LEXIS 1567, at *7-8 (S.D.N.Y. Jan. 6, 2011) (finding that plaintiffs failed to establish that costs were "the types of costs contemplated by section 1920(4)" or necessary and reasonable where they reflected "marking exhibits" and "performing searches of exhibits" among other things). They also do not show that the charges are not duplicative of Endo's voluminous paper copying charges or physical, paper presentations to the jury or the Court. *See Settlement Funding, LLC*, 2011 U.S. Dist. LEXIS 77410, at *11. And Endo's own motion indicates that the costs are not merely for exemplification or making copies, but cover various other processes or services not allowed as costs. For instance, Local Rule 54.1(c)(6) states that "[t]he cost of compiling summaries, statistical comparisons and reports is not taxable." Yet, Endo has not, and cannot, provide any information or detail to establish the RLM charges do not constitute fees associated with *preparing or compiling* summaries, statistical comparisons, or reports. Nor has Endo provided any information or detail establishing

that the demonstratives for which it now seeks to recover costs were actually introduced at trial and not merely created for the convenience of counsel. *See*, *e.g.*, *Broadspring*, 2016 WL 817449, at *5-6, 2016 U.S. Dist. LEXIS 22577 at *18-20; *see also In re Omeprazole Patent Litig.*, 2012 U.S. Dist. LEXIS 160057, at *26  (denying costs for exemplification because "the Court sees no reason why Lek could not provide an accurate accounting of the number of pages and copying costs associated with exhibits actually used or received into evidence at trial."); *Carbonell v. Acrish*, 154 F. Supp. 2d 552, 569 (S.D.N.Y. 2001) ("Because the Court has no idea what part of the requested amount is for copies of trial exhibits, as opposed to convenience copying, Abady is not entitled to reimbursement for copying costs.").  Therefore, Endo falls short of its burden to prove entitlement to recover the amount it seeks.

Endo's request to recover any additional costs associated with the RLM invoices should be denied.

**B.  Endo's "equipment" costs are unclear and impermissible and should be denied.**

Endo also included in Exhibit D to its Bill of Costs an invoice from Aquipt for $2,088.22 that Endo asserts was for renting equipment for displaying demonstratives/graphics "in the courtroom." C.A. No. 12-cv-8115, D.I. 193-1; C.A. No. 13-cv-3288, D.I. 248-1. This cost request is fraught with deficiencies similar to and even beyond those associated with costs from the RLM invoices. Addressing whether the Aquipt costs are necessary, reasonable, or merely for convenience is impossible in light of the glaring insufficiency of the invoice; it plainly lacks any detail or itemization to allow one to evaluate the costs Endo claims it stands for. Here too, Endo has fallen woefully short of its burden to provide enough detail to demonstrate that the costs are necessary and justified. *John G.*, 891 F. Supp. at 123.

Worse yet, what information the invoice does present is suspect and appears to undercut

the accuracy and reliability of Endo's Bill of Costs. For example, the invoice—which Endo seems to indicate accounts for equipment used only for the purpose of displaying demonstratives at trial—lists a rental period starting on 3/16/15, which is seven days before trial even began, and ending on 4/15/18, nine days before trial concluded. The invoice lists only one itemized charge, for "Delivery Only [3/16]" for $175.00. The subtotal then lists a Rental & Sales figure of $1,918.00 and Tax of $170.22. *See* C.A. No. 12-cv-8115, D.I. 192, at 154; C.A. No. 13-cv-3288, D.I. 247, at 154. Nowhere on the invoice is it explicit what "equipment" was rented. The most instructive information is located in the invoice's header and provides "Warroom" in the description of the "Matter Name." *Id.* As the Court is almost certainly aware, the term "war room" is a common colloquial phrase used by litigators to describe the offsite space used by a trial team to prepare for days in court. These facts together underscore that Endo is not entitled to costs for equipment. Equipment in a war room would hardly be a necessary or reasonable taxable cost—the rigid standard in Endo's cited authorities. *See AIG Glob. Sec. Lending Corp.,* 2011 WL 102715, at *2-3, 2011 U.S. Dist. LEXIS 1567, at *7-8 (denying Plaintiff's costs also because they encompassed "renting copiers, scanners, and projectors for the plaintiffs' 'War Room'"). Endo's request for vague costs related to "equipment" should therefore be denied.

## II. DEPOSITION TRANSCRIPT AND VIDEO COSTS

Defendants continue to maintain and incorporate by reference all objections as previously presented in the Opposition filed to Endo's original requests for taxation of costs, particularly concerning the taxation of deposition transcripts for individuals who do not meet the requirements of Local Rule 54.1(c)(2) and extraneous and improper video and other fees. *See* C.A. No. 12-cv-8115, D.I. 190, at 9-12; C.A. No. 13-cv-3288, D.I. 245, at 9-12.

**III.     CONCLUSION**

In view of the foregoing, Plaintiffs are not prevailing parties and the Court should reject Endo's Bill of Costs in its entirety. If, however, the Court decides to award costs, the Court should adopt the Clerk's careful rejection of those costs for which Endo presently seeks review.

Dated:  September 14, 2018
Respectfully submitted,

By: /s/ Oren D. Langer
Oren D. Langer
**Robins Kaplan LLP**
399 Park Avenue
Suite 3600
New York, New York  10022
Phone:  (212) 980-7400
Fax:  (212) 980-7499
olanger@robinskaplan.com

Jake M. Holdreith
Kelsey J. Thorkelson
**Robins Kaplan LLP**
800 LaSalle Avenue
Suite 2800
Minneapolis, Minnesota  55402
Phone:  (612) 349-8500
Fax:  (612) 339-4181
jholdreith@robinskaplan.com
kthorkelson@robinskaplan.com

*Attorney for Defendants Amneal*
*Pharmaceuticals, LLC and Amneal*
*Pharmaceuticals of New York, LLC.*

By: /s/ Alan B. Clement
Alan B. Clement
**Locke Lord LLP**
Brookfield Place
200 Vesey Street
New York, New York 10281
Phone: (212) 812-8318
Fax: (212) 812-8378
aclement@lockelord.com

Myoka Kim Goodin
**Locke Lord LLP**
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 443-0271
Fax: (312) 896-6271
mkgoodin@lockelord.com

*Attorneys for Defendant Roxane*
*Laboratories, Inc.*